### In re HIGH FRUCTOSE CORN SYRUP ANTITRUST LITIGATION.

**This Document Relates to All Actions.**

Nos. 1087, 95–1477.

United States District Court, C.D. Illinois.

Jan. 22, 2004.

Mr. Michael J. Freed, Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein, P.C., Chicago, IL, Mr. Robert N. Kaplan, Kaplan, Kilsheimer & Fox, LLP, New York, NY, Mr. H. Laddie Montague, Jr., Berger & Montague, P.C., Philadelphia, PA, for Class Plaintiffs.

Mr. Brian Posewitz, Tonkon Torp, LLP, Portland, OR, for Plaintiff Gray & Co.

Mr. Mark W. Ryan, Mr. Richard J. Favretto, Mayer, Brown & Platt, Washington, D.C., for Defendant Cargill, Inc.

Mr. Aubrey M. Daniel, III, Mr. Steven R. Kuney, Williams & Connolly, Washington, D.C., for Defendant Archer Daniels Midland Co.

Mr. Terry M. Grimm, Mr. Joseph Spiegler, Winston & Strawn, Chicago, IL, for Defendant A.E. Staley Manufacturing Co.

Mr. Donald R. Harris, Mr. Edward F. Malone, Jenner & Block, LLC, Chicago, IL, for Defendant American Maize–Products Co.

## ORDER

MIHM, District Judge.

This matter is before the Court on Staley's Motion for Certification Pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [# 1036] is GRANTED.

### DISCUSSION

Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b). Staley proposes the following question for certification based on the Court's November 25, 2003, and January 6, 2004, Orders:

> Whether the district court has the authority to impanel two juries in a civil antitrust case when there is an extraordinary amount of highly prejudicial evidence that is admissible against one defendant but is not admissible against the remaining defendants?

After careful consideration, the Court finds the proposed question to be appropriate for certification with slight modification.

The Court previously concluded that the Non–ADM Defendants' Motion for Severance must be denied on the grounds that the Court did not believe that there was adequate authority for severing civil defendants under Rule 21 on what is essentially a unitary antitrust conspiracy claim under *Hebel v. Ebersole,* 543 F.2d 14, 17 (7th Cir.1976), and *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir.2000). Central to the Court's decision was the finding that this case does not present the type of discrete claims separable in law and logic that could properly be severed in the manner suggested, as it would appear that when considering the conduct of any single Defendant, the jury will necessarily be considering the conduct of all of the Defendants, as the expert witnesses agree that the conspiracy alleged in this case was only possible if all of the Defendants participated in the conspiracy. The Court also rejected a request to use the Court's inherent authority to accomplish the same result.

The question of whether the Non–ADM Defendants can be severed for purposes of trial is "controlling" under 28 U.S.C. § 1292(b), because it presents a pure question of law concerning the interpretation of Rule 21 and the scope of a court's common law inherent authority. There is substantial ground for difference of opinion as to whether the Court's discretion can appropriately be used to sever a defendant over which the Court has proper jurisdiction in a multi-defendant civil antitrust conspiracy case by impaneling two juries to sit simultaneously. In fact, the question appears to be an issue of first impression in this circuit. Furthermore, the resolution of this question "is quite likely to affect the further course of the litigation." *Sokaogon Gaming Enterprise Corp. v. Tushie–Montgomery Assoc., Inc.,* 86 F.3d 656, 659

(7th Cir.1996). If the Seventh Circuit were to hold that the Court had the power to sever the Non–ADM Defendants and proceed to trial before two separately impaneled juries, the Court would not hesitate to enter an order reconsidering its decision on the Motion for Severance and order precisely that result. Proceeding to trial before two juries would most fairly balance the competing interests presented in this case, where the potential for prejudicial spillover from the vast amount of highly prejudicial evidence admissible only against ADM cannot be overstated, and the nature of the evidence is such that limiting instructions may well be ineffective. This result would protect the Non–ADM Defendants' right to a fair trial without burdening Plaintiffs with the time, expense, and delay of presenting their case twice or compromising judicial economy.

As correctly noted by Staley in its motion, a substantial portion of the evidence Plaintiffs intend to present at trial comes from the Department of Justice investigation and subsequent prosecution of ADM in the lysine and citric acid markets and has been found to be admissible against ADM only. If the Court is correct that it does not have the power to grant the requested severance, the evidentiary basis of this case will be fundamentally changed because a good amount of this evidence that Plaintiffs would otherwise be entitled to admit against ADM will necessarily be excluded, as the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Non–ADM Defendants in a joint trial under Federal Rule of Civil Procedure 403.

## CONCLUSION

This Court is of the opinion that its November 25, 2003, and January 6, 2004, Orders present a controlling question of law as to which there is substantial ground

for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation. Thus, pursuant to 28 U.S.C. § 1292(b), the Court certifies the following question:

Whether the district court has the authority, either pursuant to Rule 21 or under its common law inherent authority, to effect a severance of three defendants from the fourth by impaneling two juries to sit simultaneously in a civil antitrust conspiracy case when there is an extraordinary amount of highly prejudicial evidence that is admissible against one defendant but is not admissible against the remaining defendants?

Given that this case has now been pending for more than eight years, the Court is hopeful that the Court of Appeals will make every effort to handle this question in an expedited manner so that the case may proceed to trial set to begin on September 8, 2004.

Accordingly, the Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [# 1036] is GRANTED.